# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Zaw Mine,

           Plaintiff,

v.

Federal Home Loan Mortgage Corporation,
CitiMortgage, Inc., and Usset, Weingarden
& Leibo, PLLP,

           Defendants.

**MEMORANDUM OPINION
AND ORDER**
Case No. 13-220 ADM/JSM

---

William Bernard Butler, Esq., Butler Liberty Law, LLC, Minneapolis, MN, on behalf of Plaintiff.

Thomas J. Lallier, Esq., and Cameron A. Lallier, Esq., Foley & Mansfield, PLLP, Minneapolis, MN, on behalf of Defendants.

---

## I. INTRODUCTION

On March 26, 2013, the undersigned United States District Judge heard oral argument on Defendants Federal Home Loan Mortgage Corporation's ("Freddie Mac"), CitiMortgage, Inc.'s ("CMI") and Usset, Weingarden & Leibo, PLLP's ("Usset") (collectively, the "Defendants") Motion to Dismiss [Docket No. 4].

## II. BACKGROUND[1]

On November 23, 2005, Plaintiff Zaw Mine, his wife Kyi Kyi Lwin, and a third person,

---

[1] In considering Defendants' Motion to Dismiss, the Court considers the facts alleged in Plaintiff's Amended Complaint to be true. See Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994). The Court may also consider materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record. Illig v. Union Elec. Co., 652 F.3d 971, 976 (8th Cir. 2011).

Khaing Aung, acquired a house by warranty deed in St. Paul, Minnesota (the "Property").[2] Decl. Paul A. Weingarden [Docket No. 7] Ex. A ("Warranty Deed"). On the same day, Mine and his co-owners also executed a $203,000 mortgage (the "Mortgage") on the Property. Id. Ex. B. First Republic Mortgage Corporation ("First Republic") was the initial mortgagee. On March 7, 2006, the Mortgage was filed in the Registrar of Titles office in Ramsey County, Minnesota. Id.

The provisions of the Mortgage, signed by Plaintiff, specifically allowed for assignment and transfer of the rights in the Mortgage:

> This Security Instrument secures to Lender:
> (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and
> (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender and Lender's successors and assigns, with power of sale, the following described property . . . .

Id. at 3.

First Republic assigned the Mortgage to ABN AMRO Mortgage Group, Inc. ("ABN") by drafting an assignment of mortgage (the "AOM"). Weingarden Decl. Ex. C. Susan LeGrand executed the AOM as the Assistant Secretary for First Republic on November 23, 2005. Id. First Republic filed the AOM on March 7, 2006. Id.

Almost two years later, ABN merged into CMI, and CMI recorded a Certificate of Merger on August 21, 2007. Id. Ex. D; Am. Compl. [Docket No. 3] ¶ 14. In May 2009, CMI

---

[2] In a footnote in Defendants' brief in support of its motion to dismiss, Defendants note that only Zaw Mine is named as a Plaintiff. Mem. Supp. Mot. Dismiss [Docket No. 6] 2 n.2. The status of the other registered owners of the property is unknown. Defendants express concern that if this complaint is dismissed, Plaintiff's counsel, William B. Butler, has strategically excluded them as named parties so that he can plead new cases at a later time under the names Kyi Kyi Lwin and/or Khaing Aung. Id. Neither party briefed the issue and the Court will not sua sponte join Kyi Kyi Lwin and Khaing Aung without further information.

authorized Usset to foreclose the Property by advertisement. Weingarden Decl. Ex. E. Aaron Menne executed a Notice of Pendency of Proceeding and Power of Attorney to Foreclose Mortgage ("NOP") as a Vice President of CMI. Id. On July 16, 2009, the Sheriff's sale was conducted and CMI bought the Property for $125,000. Id. Ex. F. The next day, CMI assigned the Sheriff's Certificate of Sale to Freddie Mac. Id. Ex. G.

Freddie Mac petitioned for a new certificate of title after the mortgage sale. On August 11, 2010, the Ramsey County District Court found: 1) "Petitioner and owners have entered into a Loan Modification Agreement, and 2) "by virtue of the Loan Modification Agreement, the Sheriff's sale . . . and the Assignment of the Sheriff's Certificate . . . became a nullity and void; that said mortgage Document . . . was fully reinstated and that the power of sale contained in said mortgage was also reinstated." Id. Ex. H.

In March 2012, CMI authorized Usset to institute a second foreclosure proceeding by advertisement. Id. Ex. I. Brian Liebo signed the NOP on behalf of Usset. Id. In April 2012, CMI filed a Power of Attorney ("POA") under the signature of Jonica Booth. Id. Ex. J. The second Sheriff's sale was conducted on May 22, 2012. Id. Ex. K.

Mine asserts the following, "upon information and belief." First, Mine asserts that First Republic originated the mortgage loan for delivery to Freddie Mac through CMI. Am. Compl. ¶ 8. Second, Freddie Mac acquired its interest in the November 2005 Mortgage prior to the commencement of the foreclosure by advertisement. Id. ¶¶ 10, 34. Next, LeGrand did not have legal authority to execute the November 23, 2005 AOM to CMI. Id. ¶ 13. Meene did not have legal authority to execute the May 5, 2009 NOP. Id. ¶ 16. CMI did not have any interest in the Mortgage as of May 12, 2009, because there was an unrecorded assignment of mortgage from CMI to Freddie Mac. Id. ¶ 18. In addition, Liebo did not have legal authority to execute the

March 30, 2012 NOP because as an employee of CMI, he and CMI did not have any interest in the Property as a result of the unrecorded AOM to Freddie Mac. Id. ¶ 22. For the same reason, Booth also did not have legal authority to execute the April 4, 2012 POA. Id. ¶ 24.

Finally, Mine alleges that at an unidentified time during one of the foreclosure periods, CMI offered him a modification agreement, which he accepted and honored by making payments of approximately $1300 per month to CMI. Id. ¶ 26. CMI, Mine claims, breached this agreement by demanding more than amounts due on the modification agreement and then wrongly declaring a default, and proceeding with non-judicial foreclosure. Id. ¶ 27.

The Amended Complaint raises five causes of action. Count 1 seeks a "Determination of Adverse Interests" under Minnesota's quiet title statute, Minn. Stat. § 559.01, and is brought against CMI, "and/or other Defendants whose identity is unknown, claims [sic] an adverse interest, claim or right to the real property . . . . Id. ¶ 42. Count 2 asks for a declaratory judgment that the Sheriff's certificate of sale is void, that the assignments of mortgage are void, that the notices of pendency are void, that the power of attorney is void, and that Mine "remains the owner of the property in fee title." Id. ¶ 48. Count 3 claims Usset (the "law firm") violated Minn. Stat. § 580.05 and Minn. R. Prof. Conduct 3.3, and that these alleged violations constitute negligence per se. Id. ¶¶ 50-55. Count 4 claims slander of title against the law firm. Id. ¶ 57. Finally, Count 5 claims breach of contract against CMI, acting as an agent of Freddie Mac, for its alleged failure to honor its loan modification agreement with Mine. Id. ¶¶ 62-65.

### III. DISCUSSION

**A. Motion to Dismiss Standard of Review**

A motion to dismiss a complaint for failure to state a claim is governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. In considering a Rule 12(b)(6) motion, the court views

the pleadings in the light most favorable to the nonmoving party and treats the alleged facts as true. See Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993). Conclusions of law made by the nonmoving party, however, are not "blindly accept[ed]." Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). A Rule 12(b)(6) motion to dismiss is granted when the factual allegations, even assumed to be true, do not entitle that party to relief. See, e.g., Taxi Connection v. Dakota, Minn. & E. R.R. Corp., 513 F.3d 823, 826-27 (8th Cir. 2008). On a motion to dismiss, a court may refer to public records and documents to which the complaint refers. Illig v. Union Elec. Co., 652 F.3d 971, 976 (8th Cir. 2011); Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief." A pleading must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not 'shown'—'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)).

**B. The Claims**

   **1. Breach of Contract**

Minnesota's statute of frauds bars some breach of contract claims. That statute prohibits

any action to enforce a "credit agreement" unless "the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor." Minn. Stat. § 513.33, subd. 2. A credit agreement is any agreement "to lend or forebear repayment of money, goods, or things in action, to otherwise extend credit, or to make any other financial accommodation." Id. subd. 1. "[A] promise to postpone the foreclosure sale falls squarely within the plain meaning of a forbearance agreement and is thus a 'credit agreement' within the meaning of the [Minnesota credit statute of frauds]." Brisbin v. Aurora Loan Servs., LLC, 679 F.3d 748, 752 (8th Cir. 2012). Furthermore, under Minnesota law, "[t]he formation of a contract requires communication of a specific and definite offer, acceptance, and consideration." Commercial Assocs., Inc. v. Work Connection, Inc., 712 N.W.2d 772, 782 (Minn. Ct. App. 2006) (citing Pine River State Bank v. Mettille, 333 N.W.2d 622, 626-27 (Minn. 1983)).

At the core of Mine's claims is an alleged loan modification agreement. In an earlier proceeding in this case in Ramsey County District Court, Judge Dale Lindman referenced a loan modification agreement.[3] Mine asserts that he paid $1300 per month based on this loan modification agreement. Mine claims CMI demanded higher payments in violation of the loan modification and then improperly conducted the second foreclosure proceeding based on Mine's refusal to pay the higher amount. If the loan modification agreement does exist and contains the terms as conveyed by Mine, then he may have stated a breach of contract claim.

But, these claims are thus far unsupported by proof of the actual agreement. In Forseth v. Bank of Am., N.A., 2013 U.S. Dist. LEXIS 73834, at *16 (D. Minn. May 24, 2013), Judge

---

[3] It is unclear from the record whether Mine alleges this agreement was with CMI or Freddie Mac and whether the loan modification agreement was produced in court.

6

Susan Richard Nelson granted a motion to dismiss because the only evidence attached to the complaint was a letter discussing loan modification possibilities with plaintiffs. The letter could not be considered a contract because it was not signed by both parties and it was not supported by consideration. Id. Similarly here, Judge Lindman's Order and Mine's allegations suggest the possibility of a contract, but the formation of a contract is one-step removed from the suggestion of misconduct in relation to the contract. The evidence attached to the Amended Complaint only suggests a mere possibility of misconduct. To prevent possible injustice if there is in fact a loan modification agreement with the terms Mine alleges, the Court allows Mine fourteen (14) days, from the filing of this order, to file with the Court a copy of the loan modification agreement itself.[4]

### 2. "Quiet Title" and Related Claims

At the core of Mine's remaining claims against Defendants is the allegation that Defendants do not have valid title to the Mortgage and the note and therefore cannot legally foreclose. To the extent that Mine asserts that Defendants did not possess the promissory note secured by Mine's mortgage and thus cannot foreclose on that mortgage, every Minnesota court that has considered this argument has rejected it. See Warner v. Chase Home Fin. LLC, 2013 U.S. Dist. LEXIS 43324 at *5-6 (D. Minn. Mar. 27, 2013) (citing Jackson v. Mortg. Elec. Registration Sys., Inc., 770 N.W.2d 487, 500-01 (Minn. 2009) and listing the multitude of cases

---

[4] In this case, Mr. Butler did not defend Mine's breach of contract claim in his Memorandum in Opposition to Motion to Dismiss [Docket No. 9], and at the oral argument hearing, Mr. Butler expressed confusion between the claims in this case and his approximately 70 other federal foreclosure suits. But, if Mine does have the loan modification agreement he describes, a contract that should be relatively easy to produce, then the Court will provide Mine an opportunity for the breach of contract claim to survive this dismissal motion, though his counsel has not assisted the Court in identifying viable claims.

following Jackson's precedent). As held by numerous courts, the mortgage interest is one held separately from the note.

Moreover, to the extent that Mine argues that the chain of title to their mortgage is somehow defective because assignment and foreclosure documents were not executed by an authorized person, such vague claims have also been rejected previously. See, e.g. Karnatcheva v. JPMorgan Chase Bank, N.A., 871 F. Supp. 2d 834 (D. Minn 2012), aff'd, 704 F.3d 545 (8th Cir. 2013). As in Karnatcheva, Mine's claims of unauthorized persons signing AOM's, NOP's, and POA's, are conclusory and not supported by a factual basis.

To the extent that Mine argues "upon information and belief" that Freddie Mac acquired an unrecorded AOM before the start of foreclosure proceedings, Mine is rehashing another implausible allegation without proof. See Pope v. Fed. Home Loan Mortg. Corp., 2013 U.S. Dist. LEXIS 72551 (D. Minn. May 22, 2013). Mine essentially asks the Court to assume that an assignment occurred because he alleges it occurred.

### 3. Negligence Per Se

Mine asserts Usset is negligent per se for violating of Minn. Stat. §§ 580.02 and 580.05. As Mine's counsel was recently reminded in Stilp v. HSBC Bank USA, N.A., 2013 U.S. Dist. LEXIS 38531, at *7 (D. Minn. Mar. 20, 2013), "no state or federal court has ever found a violation of Minn. Stat. §§ 580.02 or 580.05 to be negligence per se." When negligence per se is appropriate, showing a violation of a statute substitutes for plaintiff's required showing of duty and breach. Anderson v. State Dept. of Natural Res., 693 N.W.2d 181 (Minn. 2005). But here, there is no indication that §§ 580.02 and 580.05 are negligence per se statutes or that they relate to negligence per se statutes. If the Minnesota legislature ever intended §§ 580.02 and 580.05 as per se waivers of law firm immunity, Plaintiff has offered nothing to show it.

Since the last time Plaintiff's counsel presented a negligence per se argument before this Court, Mr. Butler has added, to the amended complaint, an alleged violation of Minnesota Rules of Professional Conduct.[5] Minn. R. Prof. Conduct 3.3. But, "[t]here is no private right of action to enforce violations of the Rules of Professional Conduct, nor do those Rules create a presumption that a legal duty has been breached." Pope, 2013 U.S. Dist. LEXIS 72551, at *11 (citing Leonard v. Dorsey & Whitney, LLP, 553 F.3d 609, 628 (8th Cir. 2009)).

The claims Mine raises against Usset have "no chance of success." See, e.g., Nelson v. Bank of N.Y. Mellon, 2012 U.S. Dist. LEXIS 141277, at *12 (D. Minn. Oct. 1, 2012).

**4. Slander of Title**

Mine's slander of title claim against Usset is completely frivolous. Am. Compl. ¶¶ 56-61. As highlighted recently in Stilp, the Court has repeatedly reminded Plaintiff's attorney that a Minnesota slander of title claim requires plaintiffs allege four elements: (1) a false statement; (2) was published to others; (3) was published maliciously; and (4) the publication caused the plaintiff pecuniary loss in the form of special damages. Nelson, 2012 U.S. Dist. LEXIS 141277, at *10 (citing Paidar v. Hughes, 615 N.W.2d 276, 279-80 (Minn. 2000)); Blaylock v. Wells Fargo Bank, N.A., 2012 U.S. Dist. LEXIS 90246, at *8-19. For a statement to be malicious, it must be a "groundless disparagement of the plaintiff's title or property . . . made without probable cause." Quevli Farms, Inc. v. Union Sav. Bank & Trust Co., 226 N.W. 191, 192 (Minn. 1929). References to amounts due on mortgages are not properly characterized as false

---

[5] The Amended Complaint actually alleges "Attorneys PFB" violated the Rules of Conduct. ¶ 54. The law firm named in this suit is Usset. PFB appears to be Peterson, Fram and Bergman, P.A., a law firm Mr. Butler has unsuccessfully sued in at least four other mortgage foreclosure cases. See, e.g., Xiong v. Bank of Am., N.A., 2012 U.S. Dist. LEXIS 140454 (D. Minn. Aug. 10, 2012).

9

or misleading statements.  See Welk v. GMAC Mortgage, LLC, 850 F. Supp. 2d 976, 992-93 (D. Minn. 2012).  In this case, Mine fails to plead the malice element, much less any factual basis for the other elements.  As a result, Defendants' motion to dismiss is granted.

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Counts 1, 2, 3, and 4 of Defendants' Motion to Dismiss are **GRANTED**;

2. Count 5 of Defendants' Motion to Dismiss is **GRANTED**, unless within 14 days, Mine files with the court a loan modification agreement signed by Mine and relevant Defendants.[6]

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 5, 2013.

---

[6] The Court envisions submission of the relevant loan modification agreement, no further briefing, affidavits, or exhibits will be considered.